Jorge L. PEREZ, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES.

No. 09–3778.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) April 12, 2010.

Opinion filed: July 1, 2010.

Jorge L. Perez, Elizabeth, NJ, pro se.

Lindsay B. Glauner, Esq., United States Department Of Justice, Washington, DC, Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice, Washington, DC, John J.W. Inkeles, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: McKEE, Chief Judge,
FUENTES and NYGAARD, Circuit
Judges.

OPINION

PER CURIAM.

Petitioner Jorge Perez, a citizen of Peru, seeks review of a final order of removal. For the reasons that follow, we will deny his petition for review.

I

Perez entered the United States without inspection on an unspecified date. According to Perez, he met Tanya Price, a United States citizen, in 1994 through a mutual acquaintance. In March 1995, Perez and

Price were married. Perez eventually received conditional permanent resident ("CPR") status based on that marriage. The pair divorced, however, in July 2002. To stay in the United States, Perez filed an application for a hardship waiver under 8 U.S.C. § 1186a(c)(4)(B).[1] In February 2006, the application was denied, and Perez's CPR status terminated, based on the Government's determination that Perez entered into his marriage to Price for the sole purpose of procuring an immigration benefit.[2] That determination resulted from the Government's production of a February 2000 affidavit from Price which claimed that she was paid $5000 in exchange for her marriage to Perez.[3]

Perez was issued a Notice to Appear in March 2006. At a hearing before an Immigration Judge ("the IJ"), Perez denied the charges against him: those being that he entered the United States illegally, and that he had entered into his marriage to Price in bad faith. Perez again applied for a hardship waiver pursuant to § 1186a(c)(4)(B). After hearing Perez's testimony, the IJ determined that Perez had not carried his burden for establishing eligibility for the waiver and Perez was ordered to be removed to Peru. In support of his ruling, the IJ stated that "the gun with the most smoke coming out of it here today is this sworn statement from [Price]." The IJ also chastised Perez for the inconsistencies in his testimony, for his demeanor while testifying ("[Perez] lacks any sense of liveliness, of animation. There is simply nothing in terms of emotion to anything he has said. Everything here today was delivered in a flat, low monotone, creating the impression in the Court's mind that [Perez] would rather be somewhere else than here testifying today"), and for his failure to bring any supporting affidavits or witnesses to testify on his behalf.

The Board of Immigration Appeals ("BIA") dismissed Perez's appeal. The BIA first rejected Perez's claim that the Government's delay in processing his waiver application denied him due process. On that point, and relying on *Mudric v. Att'y Gen.*, 469 F.3d 94, 98–99 (3d Cir.2006), the BIA stated that aliens "have no constitutional right to have the applications considered as quickly as they desire." The BIA also rejected Perez's argument that the Government should have been estopped from using the Price affidavit at the hearing because the Government had improperly "concealed" the affidavit for six years. The BIA again cited *Mudric*, this time to support its conclusion that Perez had not met the requirements to equitably estop the Government from using the Price affidavit. Perez appealed.

## II

We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a).

1. That statute provides that the Government has discretion to "remove the conditional basis of the permanent resident status for an alien" if he demonstrates that, even though it dissolved, the marriage in question was entered into in good faith.

2. "In the case of an alien with permanent resident status on a conditional basis ..., if the Attorney general determines, before the second anniversary of the alien's obtaining the status of lawful admission for permanent residence, that the qualifying marriage was entered into for the purpose of procuring an alien's admission as an immigrant, or has been judicially annulled or terminated, other than through the death of a spouse ... the Attorney General shall so notify the parties involved and, ... shall terminate the permanent resident status of the alien (or aliens) involved as of the date of the determination." 8 U.S.C. § 1186a(b)(1).

3. The affidavit also indicated that Price had not met Perez until the day they were married. Apparently, Price passed away the same year she produced the affidavit.

*See Abdulai v. Ashcroft,* 239 F.3d 542, 547 (3d Cir.2001). "Where the BIA renders its own decision and does not merely adopt the opinion of the IJ, we review the BIA's decision, not that of the IJ." *Wong v. Att'y Gen.,* 539 F.3d 225, 230 (3d Cir.2008). We review de novo constitutional claims and questions of law raised on appeal. *Yusupov v. Att'y Gen.,* 518 F.3d 185, 197 (3d Cir.2008).

## III

Claims concerning the Price affidavit predominate Perez's opening brief. He argues that the Price affidavit is false, that it is "markedly out of context with the evidence of [his] joint married life," and that "[b]y withholding from me more than six years that critical piece of evidence, ... DHS left me no reasonable opportunity to rebut the statement." Perez also argues that the Price affidavit lacks sufficient evidentiary foundation, and that "[t]he passage of time lent this statement a credibility that it did not deserve." Two claims are readily apparent from this line of argument. On the one hand, Perez contends that the Government's production of the Price affidavit in 2000, and its introduction of the affidavit at the removal hearing, constitute foul play. Thus, Perez raises the same equitable estoppel claim that he did on appeal to the BIA. Separate and apart from the equitable estoppel claim, though, Perez challenges the admissibility of the Price affidavit as a matter of evidentiary law. We will address these two claims in turn.[4]

■To prevail on his equitable estoppel claim, Perez "must establish (1) a misrepresentation; (2) upon which he reasonably relied; (3) to his detriment; and (4) affirmative misconduct." *Mudric,* 469 F.3d at 99. Proof of affirmative misconduct on the part of the Government is a demanding burden, *see Yang v. INS,* 574 F.2d 171, 175 (3d Cir.1978), one that Perez has not carried; there is no evidence in the record that even remotely suggests the Government acted improperly in either obtaining the Price affidavit or presenting it at the removal hearing. Because Perez has not established affirmative misconduct by the Government, we agree with the BIA that his equitable estoppel claim must fail.

■Perez also challenges the admissibility of the Price affidavit at the removal hearing as a matter of evidentiary law. Although the Federal Rules of Evidence do not apply in removal proceedings, evidence can be held inadmissible if it is not probative and if its admission would be fundamentally unfair to the alien. *See Ezeagwuna v. Ashcroft,* 325 F.3d 396, 405 (3d Cir.2003). However, we cannot reach the merits of this claim. The jurisdictional principle of issue exhaustion precludes our review of claims, like this one, that were neither presented to nor adjudicated by the BIA. *See Hoxha v. Holder,* 559 F.3d 157, 159 (3d Cir.2009) (an alien must "raise or exhaust his or her remedies as to each claim or ground for relief [before the BIA] if he or she is to preserve the right of judicial review of that claim").

■Finally, Perez claims that he is entitled to relief pursuant to 8 U.S.C. § 1256(a) (five-year limitations period for government to rescind alien's adjustment of status based on alien's fraud in acquiring that status), and *Garcia v. Att'y Gen.,* 553 F.3d 724 (3d Cir.2009) (reaffirming prior precedent that held § 1256(a)'s limitations period can bar both rescission of status *and* removal proceedings not com-

---

4. To the extent Perez is also claiming that the Government's delay in processing his cancellation of removal application deprived him of

due process, we must reject that claim for the same reason given in the BIA's decision.

184

menced within five years of the alien's adjustment of status). Like his evidentiary claim, we also lack jurisdiction to consider Perez's statute of limitations claim because it was not raised on appeal to the BIA. *See Hoxha,* 559 F.3d at 159.[5]

Accordingly, we will deny Perez's petition for review.

---

**5.** While our *Garcia* opinion may not have been available at the time Perez filed his appellate brief with the BIA, our opinion in *Bamidele v. INS,* 99 F.3d 557 (3d Cir.1996), was, and *Garcia* merely reaffirmed *Bamidele's* holding in light of IIRIRA's amendments to the immigration statute. Moreover, Perez' statute of limitations argument is not constitutional in nature, such that it would be exempt from the exhaustion requirement. *See Mudric,* 469 F.3d at 98.