**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2780
_____

JORGE L. PEREZ,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A045-628-544)
Immigration Judge:  Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 5, 2011
Before:   SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Opinion Filed:  December 9, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Jorge L. Perez has requested review of a May 31, 2011 Board of Immigration

Appeals (BIA) decision that denied as untimely his motion to reopen removal

proceedings.  Finding no abuse of discretion by the BIA, we will deny the petition for

review.

I.

The history of this case is in large part described in Perez v. Att'y Gen., 385 F. App'x 181 (3d Cir. 2010). It suffices to say that Perez, a Peruvian national, married Tanya Price, a United States citizen, in March 1995. They divorced some seven years later. The Government determined that the marriage was fraudulent, stripped Perez of his conditional permanent resident status, and charged him as removable under 8 U.S.C. §§ 1227(a)(1)(D)(i)[1] and 1227(a)(1)(A).[2] To block his removal, Perez applied for a hardship waiver under 8 U.S.C. § 1186a(c)(4)(B).[3]

An immigration judge (IJ) determined that Perez failed to establish eligibility for the waiver. In support of his ruling, the IJ stated that "the gun with the most smoke coming out of it here today is this sworn statement from [Price]," which indicated that she "was paid $5000 in exchange for her marriage to Perez" and, further, that she "had not met Perez until the day they were married." Perez, 385 F. App'x at 182, 182 n.3.

---

[1] Under that provision, "[t]ermination of conditional permanent resident status renders the alien removable." Gallimore v. Att'y Gen., 619 F.3d 216, 222 (3d Cir. 2010).

[2] The Government specifically alleged that "at the time of entry or adjustment of status," Perez was "within one or more classes of aliens inadmissible by the law existing at such time, to wit: aliens who seek to procure or have sought to procure, or have procured [an immigration benefit] by fraud or by willfully misrepresenting a material fact, under [8 U.S.C. § 1182(a)(6)(C)(i)]." (AR 595.)

[3] That provision "permits removal of the conditions on an alien's permanent resident status without requiring his spouse to petition jointly for such removal if 'the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse . . .).'" Urena-Tavarez v. Ashcroft, 367 F.3d 154, 156-57 (3d Cir. 2004) (citation omitted).

The IJ ordered Perez removed to Peru. The BIA dismissed Perez's appeal, and a final order of removal was entered on August 27, 2009. We denied Perez's petition for review.

Fourteen months after the final order of removal issued, Perez filed with the BIA a motion to reopen. The BIA denied the motion as untimely. It rejected Perez's argument that the limitations period in 8 C.F.R. § 1003.2(c)(2) should be equitably tolled based on the alleged ineffective assistance of immigration trial counsel, who failed to object to the Price affidavit as inadmissible hearsay during Perez's merits hearing. The BIA determined that Perez could not show prejudice from counsel's failure to object because such an objection would have been unsuccessful. Perez then filed the instant petition for review.

II.

We have jurisdiction under 8 U.S.C. § 1252(a). Kucana v. Holder, --- U.S. ---, 130 S. Ct. 827, 840 (2010). We review for abuse of discretion the BIA's denial of a motion to reopen. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). "We give the BIA's decision broad deference and generally do not disturb it unless it is 'arbitrary, irrational, or contrary to law.'" Id. (citation omitted).

III.

In general, an alien may file only one motion to reopen, and he must file it with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). As indicated above, Perez's motion to reopen

3

was untimely by several months. However, Perez contends in his opening brief that § 1003.2(c) should be equitably tolled due to the ineffective assistance of immigration trial counsel, see Mahmood v. Gonzales, 427 F.3d 248, 251-52 (3d Cir. 2005)—a contention raised with, and rejected by, the BIA. After careful review, we conclude that the BIA did not act arbitrarily or contrary to law in rejecting Perez's claim that he was entitled to equitable tolling; Perez has not shown error in the BIA's determination that he suffered no prejudice from counsel's allegedly deficient representation during the merits hearing before the IJ.

Assuming, arguendo, that counsel unreasonably forwent an admissibility challenge to the Price affidavit, it is far from clear that such a challenge would have been successful. As the BIA correctly noted, hearsay evidence is admissible in removal proceedings if it is probative and if its admission is not fundamentally unfair. See Ezeagwuna v. Ashcroft, 325 F.3d 396, 405-06 (3d Cir. 2003). The hearsay evidence here—the Price affidavit—was certainly probative of whether Perez entered into a sham marriage in order to procure an immigration benefit, and in fact it was characterized by the IJ as a 'smoking gun.' And as for whether admission of the Price affidavit was fundamentally unfair, we observe that Perez has failed to put forth *any* evidence to either contradict the affidavit's substance, or to cast doubt on the manner in which it was produced. Cf. Murphy v. INS, 54 F.3d 605, 610-11 (9th Cir. 1995) (finding I-213 form inadmissible as unreliable because alien disputed content and provided specific evidence to the contrary).

4

Even if we were to determine that counsel did provide deficient, prejudicial representation during the merits hearing, we would not then conclude that the BIA abused its discretion in denying Perez's motion to reopen. That is so because we fail to see how counsel's conduct prevented Perez from timely filing the motion. See Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) ("we will view an error as harmless and not necessitating a remand to the BIA when it is highly probable that the error did not affect the outcome of the case"). Perez has known for years that counsel failed to object to the admission of the Price affidavit. And in fact, Perez sought to challenge the admissibility of the Price affidavit in his prior proceedings before this Court. Perez, 385 F. App'x at 183. Perez waited almost four months after our decision to file his motion to reopen. Thus, Perez cannot show that, post-August 2009, he diligently investigated and raised his ineffective assistance claim. See Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011) (per curiam) ("Due diligence must be exercised over the entire period for which tolling is desired").

Accordingly, Perez's petition for review will be denied.